1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11

12

13

14

15

16

| RICHARD FOSTER, | ) | Case No. CV-06-3578 JC |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND |
| v. | ) | ORDER OF REMAND |
| | ) | |
| MICHAEL J. ASTRUE,[1] | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

17

18

**I.     SUMMARY**

Plaintiff Richard Foster ("plaintiff") filed a Complaint on June 14, 2006

19

20

seeking review of the Commissioner of Social Security's denial of benefits.  The

parties have filed a consent to proceed before a United States Magistrate Judge.

21

22

23

This matter is before the Court on the parties cross-motions for summary

judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").[2]  The

24

25

26

[1]Michael J. Astrue is substituted as Commissioner of Social Security pursuant to F.R.
Civ. Proc. 25(d)(1).

27

28

[2]Plaintiff filed a motion for summary judgment on September 5, 2006.  Defendant filed a
cross-motion for summary judgment on November 7, 2006.

1   Court has taken both motions under submission without oral argument.  See Fed.

2   R. Civ. P. 78; L.R. 7-15; June 19, 2006 Case Management Order, ¶ 5.

3           Based on the record as a whole and the applicable law, the decision of the

4   Commissioner is REVERSED AND REMANDED for further proceedings

5   consistent with this Memorandum Opinion and Order of Remand.  The

6   Administrative Law Judge ("ALJ") materially erred by rejecting plaintiff's

7   subjective complaints without offering adequate findings.

8   **II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE**

9   **       DECISION**

10          On January 26, 2004, plaintiff applied for supplemental security income

11  benefits.  (Administrative Record ("AR") 47-50).  Plaintiff asserted that he became

12  disabled beginning on January 1, 1994,[3] due to "heart conditions, [a] sleep

13  disorder, [and] low back pain."  (AR 47, 56).  The Social Security Administration

14  denied plaintiff's application initially and upon reconsideration.  (AR 22-27, 30-

15  34).  Plaintiff then requested a hearing, which was held before the ALJ on

16  September 28, 2005.  (AR 38, 174-92).  The ALJ examined the medical record and

17  heard testimony from plaintiff (who was represented by counsel) and a vocational

18  expert.  (Id.).

19          On December 14, 2005, the ALJ found, inter alia, that plaintiff was not

20  disabled.  (AR 14-21).  Specifically, the ALJ found:  (1) plaintiff suffered from the

21  following "severe" impairments:  hypertension, obstructive sleep apnea with

22  chronic obstructive lung disease, and morbid obesity (AR 15, 20);[4] (2) plaintiff's

23  impairments taken either singly or in combination, did not meet or medically equal

24  one of the listed impairments (AR 15-16, 20); (3) plaintiff retained the residual

25

26  _____

27          [3]Plaintiff later amended his alleged onset date to April 1, 2002. (AR 177).

28          [4]The ALJ rejected plaintiff's assertion of "severe" back pain, reasoning that there was "no
    evidence in the record of a diagnosis, treatment or recommendations for treatment related to the
    back, other than pain medication."  (AR 16).

1   functional capacity to perform a significant range of sedentary work (AR 19, 21);[5]

2   and (4) plaintiff had no past relevant work, but could work as a table worker or

3   order clerk – jobs which exist in significant numbers in the national economy

4   (AR 20-22).

5          The Appeals Council ultimately denied plaintiff's application for review of

6   the ALJ's decision.  (AR 9, 11-13).

7   **III.    DISCUSSION**

8          **A.    Sequential Evaluation Process**

9          To qualify for disability benefits, a claimant must show that he is unable to

10  engage in any substantial gainful activity by reason of a medically determinable

11  physical or mental impairment which can be expected to result in death or which

12  has lasted or can be expected to last for a continuous period of at least twelve

13  months.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C.

14  § 423(d)(1)(A)).  The impairment must render the claimant incapable of

15  performing the work he previously performed and incapable of performing any

16  other substantial gainful employment that exists in the national economy.  Tackett

17  v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

18         In assessing whether a claimant is disabled, an ALJ is to follow a five-step

19  sequential evaluation process:

20         (1)    Is the claimant presently engaged in substantial gainful activity?  If

21                so, the claimant is not disabled.  If not, proceed to step two.

22         (2)    Is the claimant's alleged impairment sufficiently severe to limit

23

24  _____

25         [5]"Sedentary work involves lifting no more than 10 pounds at a time and occasionally
    lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is
26  defined as one which involves sitting, a certain amount of walking and standing is often
    necessary in carrying out job duties. Jobs are sedentary if walking and standing are required
27  occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a). SSR 83-10 instructs
    that "at the sedentary level of exertion, periods of standing or walking should generally total no
28  more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6
    hours of an 8-hour workday."  See SSR 83-10.

1    his ability to work?  If not, the claimant is not disabled.  If so,

2    proceed to step three.

3    (3)    Does the claimant's impairment, or combination of

4    impairments, meet or equal an impairment listed in 20 C.F.R.

5    Part 404, Subpart P, Appendix 1?  If so, the claimant is

6    disabled.  If not, proceed to step four.

7    (4)    Does the claimant possess the residual functional capacity to

8    perform his past relevant work?[6]  If so, the claimant is not

9    disabled.  If not, proceed to step five.

10    (5)    Does the claimant's residual functional capacity, when

11    considered with the claimant's age, education, and work

12    experience, allow him to adjust to other work that exists in

13    significant numbers in the national economy?  If so, the

14    claimant is not disabled.  If not, the claimant is disabled.

15

16

17    [6]Residual functional capacity is "what [one] can still do despite [ones] limitations" and
18    represents an "assessment based upon all of the relevant evidence."  20 C.F.R. §§ 404.1545(a),
416.945(a).  In determining a claimant's residual functional capacity, an ALJ must consider all
19    relevant evidence in the record, including medical records, lay evidence, and the effects of
symptoms, including pain, that are reasonably attributed to a medically determinable impairment.
20    Robbins v. Social Security, 466 F.3d 880, 883 (9th Cir. 2006) (citations omitted).  Careful
21    consideration should be given to any evidence about symptoms because subjective descriptions
may indicate more severe limitations or restrictions than can be shown by medical evidence
22    alone.  Id. (citations omitted).  If the record establishes the existence of a medically determinable
23    impairment that could reasonably give rise to the reported symptoms, an ALJ must make a
finding as to the credibility of the claimant's statements about the symptoms and their functional
24    effect.  Id. (citations omitted).  An ALJ may not disregard such claimant's testimony solely
because it is not substantiated affirmatively by objective medical evidence.  Id.  Unless an ALJ
25    makes a finding of malingering based on affirmative evidence thereof, the ALJ may reject a
26    claimant's testimony regarding the severity of his symptoms only if the ALJ makes specific
findings stating clear and convincing reasons for doing so.  Id. (citations omitted).  To find the
27    claimant not credible, an ALJ must rely either on reasons unrelated to the subjective testimony
28    (e.g., reputation for dishonesty), conflicts between the claimant's testimony and the claimant's
conduct, or on internal contradictions in that testimony.  Id. (citing Light v. Social Security
Administration, 119 F.3d 789, 792 (9th Cir.), as amended (1997)).

4

1  Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th

2  Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

3       The ALJ has an affirmative duty to assist the claimant in developing the

4  record at every step of the inquiry.  Bustamante v. Massanari, 262 F.3d 949, 954

5  (9th Cir. 2001); see also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005)

6  (ALJ has special duty to fully and fairly develop record and to assure that

7  claimant's interests are considered).  The claimant has the burden of proof at steps

8  one through four, and the Commissioner has the burden of proof at step five.

9  Bustamante, 262 F.3d at 953-54 (citing Tackett); see also Burch, 400 F.3d at 679

10  (claimant carries initial burden of proving disability).  If, at step four, the claimant

11  meets his burden of establishing an inability to perform past work, the

12  Commissioner must show, at step five, that the claimant can perform some other

13  work that exists in "significant numbers" in the national economy, taking into

14  account the claimant's residual functional capacity, age, education, and work

15  experience.  Tackett, 180 F.3d at 1100 (citing 20 C.F.R § 404.1560(b)(3)).  The

16  Commissioner may do so by the testimony of a vocational expert or by reference

17  to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P,

18  Appendix 2 (commonly known as "the Grids").  Id.

19       **B.     The ALJ Did Not Offer Adequate Reasons for Rejecting**

20              **Plaintiff's Subjective Complaints**

21       Plaintiff argues that the ALJ erred in rejecting plaintiff's subjective

22  complaints of impairment-related symptoms as not credible without offering

23  adequate reasons, and otherwise did not properly consider plaintiff's subjective

24  complaints.  (Plaintiff's Motion at 3-6).  Specifically, plaintiff challenges the

25  ALJ's failure to discuss and/or to provide clear and convincing reasons for

26  rejecting plaintiff's subjective complaints that, inter alia, he falls asleep 10 to 20

27  times a day for 10 to 20 minutes at a time, has shortness of breath, and has

28  difficulty climbing.  (Id.; see also AR 180-85, 187-91 (plaintiff's testimony

1  concerning his limitations)).  In his Disability Reports, plaintiff claimed his sleep

2  disorder affected his ability to work because he falls asleep easily – often during

3  the day, and could not stay awake for more than 30 minutes.  (AR 56, 78, 85).

4  Medical records reflect that plaintiff suffered from daytime somnolence.  (AR 96,

5  102, 155, 163).[7]

6      The ALJ summarized plaintiff's complaints but found plaintiff's allegations

7  regarding his limitations not credible.  (AR 18, 20).  The ALJ reasoned:

8  "Although the claimant has described daily activities which are quite limited, it is

9  difficult to attribute that degree of limitation to the claimant's medical condition in

10  view of the medical evidence."  (AR 18; citations omitted).  The ALJ discussed

11  the medical evidence which showed plaintiff has obstructive sleep apnea and

12  chronic obstructive lung disease, noting that the apnea is treated with a Bipap

13  machine and the lung disease was not of a severity to prevent plaintiff from doing

14  sedentary work.  (AR 18).  The ALJ did not specifically discuss what impact

15  plaintiff's daytime sleeping would have on plaintiff's ability to work.

16      Because the record establishes the existence of a medically determinable

17  impairment that could reasonably give rise to plaintiff's daytime somnolence and

18  other symptoms assertedly suffered by him, the ALJ should have made a more

19  detailed credibility determination, discussing plaintiff's alleged symptoms and

20  their functional effect.  Robbins, 466 F.3d 880, 883 (9th Cir. 2006).[8]  In light of

21

22  [7]Somnolence refers to "feeling abnormally sleepy during th e day – often with a strong
tendency to actually fall asleep in inappropriate situations or at inappropriate times."  See
23  Frederic F. Little, M.D., Drowsiness (Jul. 10, 2007),  http://www.nlm.nih.gov/medlineplus/
24  ency/article/003208.htm.  People affected with morbid obesity "may. . . have problems with sleep
apnea (period cessation of breathing while asleep).  Decreased blood oxygen and problems
25  associated with sleep apnea may result in feeling drowsy through the day (somnolence), high
blood pressure, and pulmonary hypertension."  See Thomas A. Owens, M.D., Morbid Obesity
26  (Jul. 10, 2007), http://www.nlm.nih.gov/medlineplus/ency/article/003102.htm.

27

28  [8]If the ALJ ultimately rejected plaintiff's testimony regarding plaintiff's subjective
symptoms as not credible, the ALJ minimally was required to make "specific, cogent" findings,

(continued...)

1    the circumstances in this case, the ALJ could not disregard plaintiff's testimony

2    solely because it was not substantiated by objective medical evidence – which is

3    what the ALJ in this case appears to have done.  Robbins, 466 F.3d at 883.  In the

4    absence of a finding of malingering, the ALJ could reject plaintiff's complaints

5    only if she relied on reasons unrelated to plaintiff's subjective testimony, conflicts

6    between plaintiff's testimony and plaintiff's conduct, or internal contradictions in

7    plaintiff's testimony.  Id.; See supra note 6.  Nor can this Court find that the ALJ's

8    failure in this regard was immaterial, given the absence of a record of the

9    vocational expert's response to an inquiry regarding an employer's ability to

10    tolerate an employee who falls asleep up to 20 times a day.[9]

11        On this record, the Court cannot say that the ALJ adequately considered

12    plaintiff's subjective complaints, and cannot find that the ALJ's failure to

13    articulate her reasons for rejecting plaintiff's testimony immaterial.

14    ///

15    ///

16    ///

17    ///

18    ///

19

20        [8](...continued)

21    supported in the record, to justify the ALJ's determination.  See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Varney v.

22    Secretary, 846 F.2d 581, 584 (9th Cir. 1988) (ALJ should "isolate particular complaints of pain and discuss the evidence suggesting that those complaints are not credible").  The ALJ's

23    credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ

24    rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony."  Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (citation and

25    quotations omitted).

26

       [9]The transcript of the hearing before the ALJ reflects that the vocational expert gave an

27    inaudible response to an inquiry regarding whether an employer would tolerate an individual having periods of unexpected sleeping up to 20 times a day.  (AR 191).  Plaintiff's counsel

28    represents that the vocational expert testified that an employer would not tolerate periods of unexpected sleeping.  See Plaintiff's Motion at 6.

1  **IV.    CONCLUSION**

2        For the foregoing reasons, the decision of the Commissioner of Social

3  Security is reversed in part, and this matter is remanded for further administrative

4  action consistent with this Opinion.[10]

5        LET JUDGMENT BE ENTERED ACCORDINGLY.

6  DATED:  July 27, 2007

7

8                                                 /s/
                                    _____
                                    Honorable Jacqueline Chooljian
9                                   UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
   _____

25       [10]When a court reverses an administrative determination, "the proper course, except in
26  rare circumstances, is to remand to the agency for additional investigation or explanation."
    Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and
27  quotations omitted).  Remand is proper where, as here, additional administrative proceedings
    could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir.
28  1989); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (remand is an option
    where the ALJ stated invalid reasons for rejecting a claimant's excess pain testimony).

8